# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# 5:24-cv-00143-KDB

| | |
|---|---|
| CHRISTOPHER RASHAWN BELFIELD, | ) |
| Plaintiff, | ) |
| vs. | ) |
| FNU HONEYCUT, et al., | ) **ORDER** |
| Defendants. | ) |

**THIS MATTER** is before the Court sua sponte.

The pro se Plaintiff filed this action pursuant to 42 U.S.C. § 1983 addressing incidents that allegedly occurred at the Alexander Correctional Institution, where he was incarcerated at that time. [Doc. 1]. The day after the Complaint was docketed, the Plaintiff was mailed an Order of Instructions in which he was informed that "[i]t is Plaintiff's responsibility to keep the Court advised of his/her current address at all times" by filing a Notice of Change of Address, and "[i]f the Plaintiff's address changes and no Notice is promptly filed with the Clerk of Court, the case may be dismissed for lack of prosecution." [June 11, 2024 Standing Order of Instructions].

On September 4, 2024, the Court dismissed the Complaint on initial review and granted the Plaintiff the opportunity file a superseding Amended Complaint within 30 days. [Doc. 8]. The Plaintiff has failed to file a superseding Amended Complaint and the time to do so has expired. Further, a review of the North Carolina Department of Adult Corrections (NCDAC) website indicates that the Plaintiff has failed to inform the Court of a recent change of address.[1]

---

[1] The Plaintiff was transferred from Alexander CI to the North Carolina Central Prison on September 24, 2024. See https://webapps.doc.state.nc.us/opi/viewoffender.do?method=view&offenderID=1093667&searchOffenderId=1093667&searchDOBRange=0&listurl=pagelistoffendersearchresults&listpage=1 (last Accessed Oct. 25, 2024); Fed. R. Ev. 201.

The Plaintiff has failed to comply with the Court's Orders to amend and to keep the Court apprised of any change of address, and he appears to have abandoned this action. The Court is unable to proceed and this case will therefore be dismissed without prejudice. See Fed. R. Civ. P. 41(b) ("If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."); Link v. Wabash R.R. Co., 370 U.S. 626, 630-33 (1962) (although Rule 41(b) does not expressly provide for sua sponte dismissal, Rule 41(b) does not imply any such restriction and a court has the inherent power to dismiss a case for lack of prosecution or violation of a court order); see also Omar v. Chasanow, 318 F. App'x 188 (4th Cir. 2009) (per curiam) (concluding that the appropriate disposition of § 1983 claims barred by the Heck doctrine is dismissal without prejudice).

**IT IS, THEREFORE, ORDERED** that this action is **DISMISSED WITHOUT PREJUDICE**.

The Clerk is instructed to note the Plaintiff's transfer to the North Carolina Central Prison in CM-ECF and to mail him a copy of this Order at his new address.

**IT IS SO ORDERED**.

Signed: October 28, 2024

Kenneth D. Bell
United States District Judge